No. 21294.

Ferrell Stiles, etc. *v.* The People of the
State of Colorado.
(414 P.2d 468)

Decided May 23, 1966.

Samuel J. Merlo, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error will be referred to as the defendant. An information containing twelve separate counts was filed against him, all of which related to the burning of a dwelling house in Montezuma county, Colorado. Upon trial to a jury, verdicts of "guilty" were returned on counts numbered 1, 3, 4, 7, 8, 9 and 10, which, respectively, charged the defendant with first degree arson, third degree arson, conspiracy to commit those crimes, burning of a building to defraud an insurer, and conspiracy to burn to defraud an insurer. Motion for a new trial was filed and denied and judgment was entered on the verdicts and sentences were imposed to run concurrently.

As grounds for reversal of the judgment it is urged that:

"1. The court erred in allowing certain testimony to be admitted concerning plan, system, scheme, design, purpose and intent.

"2. The court erred in allowing the people on cross examination of the defendant to force defendant to identify two exhibits, namely a receipt of inventory issued to defendant by city transfer and storage and a proof of loss relating thereto and signed by defendant, the receipt of inventory and proof of loss not being connected at all with the crimes with which defendant was charged and on which he was found guilty."

We deem it unnecessary to lengthen this opinion by a detailed statement of the evidence which the trial court admitted over objection of defendant's attorney. Suffice it to say that an accomplice of the defendant was permitted to testify that shortly prior to the event upon which the instant case is based, he and the defendant

had stolen 3,000 feet of primer cord in the State of Utah with the purpose of using it to burn up Zang's Club located between Bloomfield and Farmington, New Mexico. The trial court carefully observed all the precautions which are required by decisions of this court in permitting evidence of similar transactions to be heard by a jury. There is no need to add another detailed analysis to the long list of cases which clearly state the law applicable to this subject. At this point it is sufficient to note merely that the evidence offered and received in the instant case was clearly admissible.

■ The argument that error was committed by the trial court in permitting the district attorney to require the defendant to identify Exhibits 5 and 6, is without merit. These exhibits were, respectively, a warehouse receipt and inventory of property placed in storage by the defendant; dated September 24, 1962, and a "Sworn Statement in Proof of Loss" dated October 22, 1962, in which the defendant made claim for loss by fire of the property stored under Exhibit 5.

The purpose of the district attorney in asking the defendant to identify the exhibits was to attack his credibility; he had previously testified that he was not in Cortez, Colorado, when Exhibit 5 was signed. After being shown the exhibits he admitted that he was in the city of Cortez on the date in question. The exhibits, however, were not received in evidence and the jurors did not have them or their contents for consideration. Accordingly, we hold that no error was committed by the trial court in permitting the district attorney to ask the defendant to identify these exhibits.

As stated by this court in *Clews v. People,* 151 Colo. 219, 377 P.2d 125:

"Proper preliminary proof is necessary in many instances before certain evidence may be received. It would be dangerous doctrine to hold that such preliminary proof affords ground for error in those cases where

the trial court, in its discretion, determines it to be inadequate."

The judgment is affirmed.

Mr. Justice Day and Mr. Justice McWilliams concur.